33 C.C.P.A.(Patents)

## McKESSON & ROBBINS, Inc., v. VAD CORPORATION.

### Patent Appeal No. 5103.

Court of Customs and Patent Appeals.
March 6, 1946.

Samuel Herrick, of Washington, D. C., for appellant.

Mock & Blum, of New York City (Asher Blum, Hugo Mock, and Alex Friedman, all of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through the First Assistant Commissioner), 62 U.S.P.Q. 386, affirming that of the Examiner of Trade-Mark Interferences dismissing appellant's notice of opposition to appellee's application for registration of the notation "Vad," printed with fanciful type, as a trade-mark for use on lipsticks and cleansing creams, and holding appellee entitled to the registration sought.

Appellee's application was filed in the Patent Office October 21, 1942, use of the mark being therein alleged "since October 15, 1942." Notice of the application was published in the Official Gazette of March 2, 1943, and appellant filed notice of opposition March 31, 1943.

In the notice of opposition appellant alleged ownership and use of a registered mark consisting of the word "Vadco," applied as a trade-mark to certain articles of merchandise, asserted to be of the same descriptive properties as lipsticks and cleansing creams. The registration so relied upon is registration No. 120,648, a "soft copy" of which was filed with, and "as a part" of, the notice.

Appellant specifically alleged:

"2. That Opposer secured registration of said mark in the U. S. Patent Office on Feb. 19, 1918, per certificate No. 120,648, a soft copy of which is filed herewith and as a part hereof; that said registration is now owned by Opposer, and is in full force and effect, having been renewed in 1938.

"3. That Applicant's alleged Trade-Mark consists of the word 'Vad,' which is so similar to Opposer's Trade-Mark as to be likely to cause confusion in the minds of the public, and to deceive purchasers. Opposer states that the goods upon which Applicant alleges his mark to be applied have the same descriptive properties as Opposer's goods; hence that Opposer would be injured by its registration."

In its answer to the notice of opposition appellee stated inter alia:

"Applicant, The Vad Corporation, answering the notice of opposition herein, denies each and every allegation in said notice of opposition except as hereinafter admitted or specifically avoided.

\*     \*     \*     \*     \*     \*

"2. It admits the issuance of Reg. No. 120,648 on February 19, 1918, but is without any knowledge as to the renewal thereof or the ownership by opposer.

"3. It denies each and every allegation contained in paragraph 3 of the notice of opposition."

Appellee thus placed in issue the question of appellant's ownership of the mark "Vadco" and it became incumbent

upon appellant to prove same. So far as disclosed by the record, appellant made no effort to make such proof. It took no testimony, nor did it introduce any evidence of any character.

 The copy of registration No. 120,-648 filed with, and "as a part" of, the notice of opposition discloses that the certificate of registration was issued to "Van Antwerp's Drug Corporation, Inc., of Mobile, Alabama," February 19, 1918. Upon the copy is stamped "Renewed." There is nothing on the document to indicate when it was renewed, nor at whose instance it was renewed.

Furthermore, there is no evidence in the record that appellant ever acquired ownership of, or any interest in the business of, Van Antwerp's Drug Corporation, Inc. It is not even alleged in its notice of opposition that it did so. In fact, it made no reference whatsoever to the Van Antwerp's Drug Corporation, Inc., in its notice of opposition.

Upon the state of the record so outlined, the Examiner of Trade-Mark Interferences held that appellant had not established a right to oppose appellee's registration, saying, inter alia:

"The Opposer [appellant here] has filed an official copy of the registration pleaded in the notice of opposition; however, it appears that this registration issued to a stranger to this proceeding and no proofs have been submitted in support of opposer's claim of ownership thereof. The registration, accordingly, is incompetent as evidence of use or ownership of the mark by the opposer and in the absence of any other evidence upon that issue, the examiner is in agreement with the applicant that the opposer lacks the right to herein contest the question of likelihood of confusion in trade."

The commissioner affirmed the foregoing decision, saying, inter alia:

"The registration pleaded by opposer was issued to Van Antwerp's Drug Corporation, Inc. Because opposer failed to prove its alleged ownership of the registration, or of the registered mark, the examiner of interferences very properly held 'that the opposer lacks the right to herein contest the question of likelihood of confusion in trade;' and so dismissed the opposition and 'adjudged that the applicant is entitled to the registration for which it has made application.' "

It is obvious that the decisions of the respective tribunals of the Patent Office, holding that appellant had failed to establish any right to oppose appellee's application for registration and, for that reason, dismissing appellant's notice of opposition, were correct.

The decision of the commissioner is affirmed.

Affirmed.